UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

VINCENT MASINO, et al.,

              Plaintiffs,

   - against -                      REPORT AND
                                 RECOMMENDATION
MANCO ENTERPRISES, INC.,
                                 CV 2010-2428 (ARR)(MDG)

              Defendant.

- - - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

    Plaintiffs, the trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (the "Benefit Funds"), bring this action against defendant Manco Enterprises, Inc. ("Manco Enterprises") to recover delinquent benefit contributions, interest, liquidated damages and attorneys' fees. The Honorable Allyne R. Ross referred plaintiffs' motion for entry of default judgment to me to report and recommend.

## BACKGROUND

    The facts pertinent to this decision are undisputed and are set forth in plaintiff's amended complaint ("Am. Compl.") (ct. doc. 3) and the Affirmation of Judy Wong dated October 25, 2010 ("Wong Decl.") (ct. doc. 5-2).

    The Benefit Funds are multi-employer employee benefit plans established for the purpose of providing welfare, pension and annuity benefits to members of the Highway, Road and Street

Construction Laborers Local Union 1010 ("Local 1010") and/or the Sheet Asphalt Workers Local Union No. 1018 ("Local 1018") (collectively, the "Union"). See Am. Compl. at ¶ 4. Defendant entered into a collective bargaining agreement (the "CBA") with the Union that requires defendant to pay benefit contributions to the Benefit Funds based on the number of hours worked by its employees. See id. at ¶ 5; Wong Decl. at ¶ 3. The CBA further provides that if the defendant fails to make contributions when due, the employer must pay interest at a rate of 10% per annum, liquidated damages in the amount of 20% of the unpaid contributions and attorneys' fees. See Am. Compl. at ¶¶ 16-18; Wong Decl. at ¶ 4. The plaintiffs allege in their amended complaint that defendant owes unpaid contributions to the Benefit Funds in the amount of $95,605.93 for work performed between January 2010 and April 2010. Am. Compl. at ¶ 14. After commencement of this action and service of the summons and amended complaint on defendant on July 16, 2010, see ct. doc. 4, defendant paid the outstanding principal due. Wong Decl. at ¶ 10. Plaintiffs seek to recover interest in the amount of $2,319.32, liquidated damages and attorneys' fees. See id. at ¶¶ 10-11.

Following the referral of the motion for default judgment, the undersigned held a conference with plaintiffs' counsel and a principal of defendant. At the conference on December 10, 2010, the parties reported that they were engaged in settlement negotiations and anticipated entering into a written agreement within one month. See minute entry for conference held on 12/10/10. On September 30,

2011, plaintiffs filed a status report indicating that the parties were unable to reach an agreement to settle the action. See ct. doc. 12.

DISCUSSION

I.  Legal Standards Governing Default

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged. Greyhound, 973 F.2d at 159. The movant need prove "only that the compensation sought relate to the damages that naturally flow from the injuries pleaded." Id.

The court must ensure that there is a reasonable basis for the damages specified in a default judgment. In determining damages not susceptible to simple mathematical calculation, Fed. R. Civ. P. 55(b)(2) gives a court the discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence. Action S.A. v. Marc Rich and Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991) (quoting Fustok v. Conticommodity Serv, Inc., 873 F.2d 38, 40 (2d Cir. 1989)). The moving party is entitled to all reasonable inferences from the

evidence it offers.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); Au Bon Pain, 653 F.2d at 65; Directv, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003).

II. Liability of Defendant

The Benefit Funds are multi-employer employee benefit plans under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., while Manco Enterprises is an employer under the terms of that statute.  See 29 U.S.C. §§ 1002(3), (5) and (37), 1132(d)(1), 1145.  The plaintiff trustees, as "fiduciaries" of the Benefit Funds, may bring a civil action to enforce the provisions of a plan.  See 29 U.S.C. §§ 1002(21)(A), 1132(a)(3).

ERISA requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due" and to make records "available for examination."  29 U.S.C. §§ 1027, 1059(a).  In addition, section 515 of ERISA requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of a plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.  Defendant was required by the CBA to pay fringe benefit contributions to the Benefit Funds on a timely basis.

It is undisputed that Manco Enterprises failed to make timely payments for contributions due for the period from January through April 2010.  Although plaintiffs report that defendant has now paid the principal amounts past due, defendant had not done so by the

-4-

filing of the amended complaint. Therefore, defendant is liable under ERISA.

III. Determination of Damages

Section 502(g)(2)(B) of ERISA provides that a fiduciary seeking to enforce provisions of an employee benefit plan is entitled to recover:

> (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) an amount equal to the greater of -- (I) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan not in excess of 20 percent ... of the [unpaid contributions]; (D) reasonable attorney's fees and costs of the action ....

29 U.S.C. § 1132(g)(2).

A. Interest on Unpaid Contributions

The amount of interest due for unpaid contributions must be "determined by using the rate provided under the plan." 29 U.S.C. § 1132(g)(2)(B). According to plaintiffs, the CBA provides that an employer who is delinquent in paying contributions must pay interest at the rate of 10% per annum. Although plaintiffs have submitted a computer printout showing that defendant owes interest in the amount of $4,879.54, Wong Decl. at ¶ 10,[1] plaintiffs seek in the amended

---

[1] Although the computer printout is not accompanied by an affidavit from a person with knowledge of how the calculations were done, since the defendant has not disputed the accuracy of the plaintiffs' calculations, I credit the report submitted by plaintiff. A number of judges in this district have relied on similar reports that were not supported by an appropriate affidavit to establish the amount of unpaid contributions. See, e.g., LaBarbera v. Modern Continental Construction Co., No. 07-CV-2051 (ENV), 2008 WL 1909216, at *4 (E.D.N.Y. April 30, 2008); T&M Specialties Ltd., No. CV-06-5022 (CPS), 2007 WL 2874819, at
(continued...)

complaint only $2,319.32. See id. at ¶ 10. Thus, I recommend that plaintiff be awarded $2,319.32 for interest on delinquent benefit contributions for the period of January 2010 through April 2010.

B. Liquidated Damages

Section 502(g)(2)(C) of ERISA also provides for additional interest or liquidated damages on unpaid contributions in "an amount equal to the greater of -- (i) interest on the unpaid contributions; or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)." 29 U.S.C. § 1132(g)(2)(C). The award of additional interest or liquidated damages is mandatory when a fiduciary prevails on a claim for unpaid contributions under ERISA. Nat'l Pension Plan of the UNITE HERE Workers Pension Fund v. Swan, No. 05 Civ. 6819, 2006 WL 1292780, at *4 (S.D.N.Y. May 11, 2006); see also Idaho Plumbers & Pipefitters v. United Mech., 875 F.2d 212, 215 (9th Cir. 1989). Thus, the Benefit Funds are entitled pursuant to ERISA to liquidated damages for contributions that were not paid until after this suit was filed.

However, the statement provided by plaintiffs reflects delinquent contributions for January through April 2010 in the amount of $94,639.85 rather than $95,605.93 as set forth in plaintiffs'

---

[1](...continued)
 *4 (E.D.N.Y. Sept. 27, 2007); LaBarbera v. DJ Excel, Inc., No. CV-06-577 (BMC), 2007 WL 2127170, at *3 (E.D.N.Y. July 25, 2007); LaBarbera v. Central Design Sys., Inc., No. 06-CV-2709 (ARR), 2006 WL 3422645, at *3 (E.D.N.Y. Nov. 28, 2006).

counsel's affidavit. Therefore, I recommend awarding liquidated damages in the amount of $18,927.97 (20% of $94,639.85) as requested by plaintiffs. See Wong Decl. at ¶ 11.

    C.   <u>Attorneys' Fees and Costs</u>

The Benefit Funds are also entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2)(D). The award of attorneys' fees is mandatory. See <u>Labarbera v. Clestra Hauserman, Inc.</u>, 369 F.3d 224, 226 (2d Cir. 2004).

The standard method for determining the amount of reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 188-90 (2d Cir. 2008); <u>Chambless v. Masters, Mates & Pilots Pension Plan</u>, 885 F.2d 1053, 1058-59 (2d Cir. 1989). In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. See <u>Lunday v. City of Albany</u>, 42 F.3d 131, 133 (2d Cir. 1994); <u>DiFilippo v. Morizio</u>, 759 F.2d 231, 235 (2d Cir. 1985). If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. See <u>Hensley</u>, 461 U.S. at 434; <u>Lunday</u>, 42 F.3d at 133. The court should thus exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." <u>Quaratino v. Tiffany & Co.</u>, 166

F.3d 422, 425 (2d Cir. 1999). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

A reasonable hourly rate is "the rate a paying client would be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. Reasonable hourly rates are determined by examining the "rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (citing Blum v. Stenson, 465 U.S. 886, 894 (1984)). Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community. Chambless, 885 F.2d at 1059. The "community" is generally considered the district where the district court sits. See Arbor Hill, 522 F.3d at 190-91. Although plaintiffs selected out-of-district counsel here, I recommend awarding attorneys' fees based on the prevailing hourly rates in this district. See Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174-77 (2d Cir. 2009).

Plaintiffs seek to recover fees of $2,382.00. Plaintiffs provide an affidavit from counsel which sets forth hourly billing rates and contemporaneous time records which describe the nature of

-8-

the work done, the hours expended and the date on which the work was done.

Plaintiffs' request for fees is based on rates of $200.00 per hour for counsel Judy Wong, $200.00 per hour for counsel Miriam Elamraoui and $80.00 per hour for legal assistants Isabel Gardocki and Richard Epstein. Wong Decl. at ¶¶ 13-14. I find that Ms. Wong's billing rate of $200.00 per hour is reasonable for an attorney with 13 years of experience. See Trustees of Local 7 Tile Industry Welfare Fund v. City Tile, Inc., No. 10-CV-322 (SJ), 2011 WL 7041411, at *3 (E.D.N.Y. Dec. 7, 2011) (approving Ms. Lee's $200.00 per hour billing rate); Finkel v. Triple A Group, Inc., 708 F. Supp. 2d 277, 290-91 (E.D.N.Y. 2010) (approving hourly rate of $200.00-$225.00 per hour in ERISA default judgment); Finkel v. Jones Lang LaSalle Americas, Inc., No. 08-CV-2333 (RRM), 2009 WL 5172869, at *5 (E.D.N.Y. Dec. 9, 2009) (approving rates of $225.00-$235.00 per hour for associates). However, I find the rate of $200 per hour charged for Ms. Elamraoui's time to be too high for a first-year associate. Accordingly, I respectfully recommend that Ms. Elamraoui's regular rate be reduced to $175 per hour. See ESL Home Remodeling, 2007 WL 708359, at *6 (reducing junior associate's rate to $150 per hour); King v. STL Consulting, LLC, No. 05 CV 2719, 2006 WL 3335115, at *7-*8 (E.D.N.Y. Oct. 3, 2006) (awarding $100 per hour for associate admitted in 2005); LaBarbera v. J.E.T. Res., Inc., 396 F. Supp. 2d 346, 352-53 (E.D.N.Y. 2005) (awarding associate $150 per hour). I further recommend that the legal assistants' billing rate of $80 per

hour be approved.  See ESL Home Remodeling, 2007 WL 708359, at *6 (awarding $70 per hour for paralegal); Finkel v. Tech Man, No. 06-CV-2264, 2007 WL 433399, at *4 (E.D.N.Y. Feb. 6, 2007) (awarding $75 per hour for paralegal).

Having reviewed the billing records submitted, I find that the time spent on this case of 11.6 hours to be reasonable in light of the work completed.  See Marton v. HST Roofing, Inc., No. 03-CV-4165, 2007 WL 595054, at *3 (E.D.N.Y. Feb. 22, 2007) (awarding fees for 20 hours of attorney time and five hours for paralegal time in ERISA default judgment case); LaBarbera v. David Liepper & Sons, Inc., No. CV-06-137, 2006 WL 2423420, at *5 (E.D.N.Y. July 6, 2006) (finding 17.7 hours reasonable in ERISA default judgment case); Del Turco v. Carrara Contractors, Inc., No. 03 CV 5538, 2006 WL 1783632, at *3-*4 (E.D.N.Y. June 23, 2006) (awarding fees for 25.05 hours for attorneys and 2.6 hours for legal assistants in ERISA default judgment case). Thus, I recommend that the Benefit Funds be awarded $2,374.50 in attorney's fees against defendant.

The Benefit Funds also seek $350.00 in costs for the court filing fee.[2]  Wong Decl. at ¶ 16.  Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable.  See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998); United States Football League v. National Football League, 887 F.2d 408 (2d Cir. 1989).  Here, plaintiffs' request for

---

[2] The proposed default judgment submitted by plaintiffs does not include the costs sought in plaintiffs' counsel's affidavit.

-10-

costs includes only recoverable litigation costs. See Aston v. Secretary of Health & Human Servs., 808 F.2d 9, 12 (2d Cir. 1986). Accordingly, I recommend that plaintiffs be awarded $350.00 in costs.

CONCLUSION

For the foregoing reasons, I recommend that the Court award the Benefit Funds judgment against Manco Enterprises, Inc. in the amount of $23,971.79 based on the following total damages: (a) $2,319.32 for pre-judgment interest; (b) liquidated damages of $18,927.97; (c) $2,374.50 in attorneys' fees; and (d) $350.00 in court costs.

This report and recommendation will be filed electronically and a copy sent by overnight mail to the defendant on this date. Any objections to this Report and Recommendation must be filed, with a courtesy copy sent to the Honorable Allyne R. Ross and the undersigned, by March 29, 2012. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated: Brooklyn, New York
       March 12, 2012

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE